F I L E D
United States Court of Appeals
Tenth Circuit

NOV 10 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL SEAN EDMOND,

      Plaintiff-Appellant,

v.

ATHLETE'S FOOT GROUP,

      Defendant-Appellee.

No. 96-1536
(D.C. No. 96-S-2208)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Michael Sean Edmond appeals the district court's dismissal of his civil rights complaint alleging that defendant The Athlete's Foot Group, Inc. discriminatorily discharged him from its employ based on his race. The district court construed Mr. Edmond's pro se complaint as an action pursuant to Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. §§ 2000e-2000e-17. Finding that Mr. Edmond had failed to exhaust his administrative remedies, the district court dismissed sua sponte his complaint pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Mr. Edmond also appeals the district court's denial of his motion to strike filing fee. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm in part, reverse in part, and remand for further proceedings.

Subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. See McAlester v. United Airlines, Inc., 851 F.2d 1249, 1252 (10th Cir. 1988). Exhaustion of administrative remedies is a jurisdictional prerequisite to filing Title VII claims in federal court. See Khader v. Aspin, 1 F.3d 968, 970 (10th Cir. 1993). "The existence of proper subject matter jurisdiction is a question of law which we review *de novo*." Id. at 971.

Mr. Edmond filed this suit in federal district court on September 19, 1996. By his own admission, his charge before the EEOC was "recently just filed" and still

pending at the time he filed his complaint. See R. Vol. I, tab 3 at 5. On October 23, 1996, the EEOC dismissed Mr. Edmond's claims and issued a right to sue letter. On October 31, 1996, eight days later, the district court dismissed Mr. Edmond's complaint, concluding that because he had not exhausted his administrative remedies, the court lacked subject matter jurisdiction. See Jones v. Runyon, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996) (holding that the administrative process of filing with the EEOC (as opposed to whether the filing is timely) remains a jurisdictional prerequisite to initiating suit in federal court), cert. denied, 117 S. Ct. 1243 (1997). For the following reasons, we vacate that portion of the district court's judgment dismissing Mr. Edmond's claims for lack of subject matter jurisdiction and remand the case for further proceedings.

From the record, it is clear that at the time the district court entered its dismissal order, Mr. Edmond had neither informed the district court of a change in the status of his EEOC charge nor amended his complaint to allege exhaustion. Nonetheless, in deference to Mr. Edmond's status as a pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and in light of his exhaustion prior to the entry of judgment, we conclude that the district court's determination that it lacked subject matter jurisdiction to entertain Mr. Edmond's claims should be revisited. In so doing, we intend no comment on the merits of Mr. Edmond's claims.

Mr. Edmond also contends that the district court erred in requiring him to pay a filing fee. On September 19, 1996, the district court granted Mr. Edmond leave to proceed in forma pauperis pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915 (West Supp. 1997). PLRA requires a prisoner bringing a civil action to pay the full amount of the filing fee. See id. § 1915(b)(1). In the event a prisoner is unable to pay the full amount of the fee, an initial partial fee is assessed followed by monthly installments on the balance until the fee is paid in full. See id. § 1915(b)(2). Pursuant to the certified copy of his trust account filed with his motion to proceed in forma pauperis, the court assessed Mr. Edmond an initial partial filing fee. Mr. Edmond filed a motion to strike the filing fee, alleging indigency. Because the district court determined that Mr. Edmond had shown cause as to why he could not pay the initial partial filing fee, the court allowed him to proceed, noting that he remained obligated to pay the fee through monthly installments.

On appeal, Mr. Edmond continues to argue that because he is currently incarcerated and indigent the district court should not have assessed any filing fee. In so doing, Mr. Edmond misunderstands PLRA's purpose and requirements. See Shabazz v. Parsons, ___ F.3d ___, No. 97-6025, 1997 WL 650958, at *2-3 (10th Cir. Oct. 21, 1997) (holding the application of PLRA fee provisions to indigent prisoners not in violation of constitutional rights). Although he cannot be denied access to the

- 4 -

courts because of his inability to pay the initial partial filing fee, <u>see</u> 28 U.S.C. § 1915(b)(4), the district court was correct in assessing the fee and advising Mr. Edmond that he remains obligated to pay the full filing fee "when funds exist," <u>id.</u> § 1915(b)(1).[1]

Accordingly, we VACATE the judgment of the district court dismissing Mr. Edmond's Title VII claims for lack of subject matter jurisdiction, and REMAND for further proceedings consistent with this order and judgment. In all other respects, the judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1] We also remind Mr. Edmond that pursuant to the district court's order of December 12, 1996, he was granted permission to proceed on appeal without payment of the $58.00 initial partial payment on the $105.00 appellate filing fee. We note that Mr. Edmond has not made a monthly payment since June 13, 1997, and has not responded to this court's show cause order of July 23, 1997. We therefore continue to advise Mr. Edmond that he remains obligated to pay the full $105.00 fee in monthly payments whenever he has funds available.