**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GWYNDELL B. DECLERCK,

Defendant-Appellant.

No. 04-3004

(D. Kansas)

(D.C. No. 02-CR-40072-01-RDR)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In a four-count indictment, Gwyndell DeClerck was charged with Count I: conspiracy to commit the crime of interference with commerce by robbery, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

violation of 18 U.S.C. §§ 371 and 1955; Count 2: brandishing a weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); Count 3: interference with commerce by robbery, in violation of 18 U.S.C. § 1951; and Count 4: brandishing a weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Mr. DeClerck, appearing pro se with standby counsel, pleaded guilty to Counts 3 and 4, reserving certain issues for appeal. Mr. DeClerck was sentenced to forty-one months on Count 3, and to a consecutive eighty-four month term on Count 4.

Mr. DeClerck's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. *Anders* holds that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id*. at 744. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal," and a copy of this brief must be served on the client. *Id.*

The government has declined to file a response brief. Mr. DeClerck has filed a pro se reply in which he raises additional issues he wishes to appeal. Under *Anders*, we must conduct a "full examination of all the proceedings" to determine if the case is wholly frivolous. *Id.* For the reasons stated below, we grant leave to withdraw and dismiss the appeal.

# I. DISCUSSION

We will address the points of possible appeal raised by counsel and Mr. DeClerck. Through counsel, Mr. DeClerck contends (1) the district court did not have jurisdiction to hear his case; (2) the district court erred when it denied his motion to suppress evidence; and (3) the district court pressured him to plead guilty. In his pro se brief, Mr. DeClerk adds the following claims: (4) the district court abused its discretion when it denied his motion to recuse; and (5) he is entitled to relief from his sentence pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005).

## A. Jurisdiction

The indictment and record clearly establish the jurisdiction of the federal district court. Under 18 U.S.C. § 3231, "[t]he district court of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The District of Kansas is a district court of the United States. *See* 28 U.S.C. § 96. Article I, Section 8 of the U.S. Constitution gives Congress the power to regulate interstate commerce and the conspiracy and firearms statutes at issue are constitutionally permissible exercises of its authority under the Commerce Clause. *See United States v. Nguyen*, 155 F.3d 1219, 1226-27 (10th Cir. 1998) (upholding "Congress' exercise of its Commerce Clause power in enacted 18 U.S.C. § 924(c)(1)"); *United States*

*v. Bolton*, 68 F.3d 396, 398 (10th Cir. 1995) (concluding that 18 U.S.C. § 1951 "represents a permissible exercise of the authority granted to Congress under the Commerce Clause").

B. Motion to suppress evidence

On review of the denial of a motion to suppress, we must accept the district court's factual findings unless clearly erroneous, and view the evidence in the light most favorable to those findings. *United States v. Olguin-Rivera*, 168 F.3d 1203, 1204 (10th Cir. 1999); *United States v. Little*, 60 F.3d 708, 712 (10th Cir. 1995). "The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court." *United States v. Browning*, 252 F.3d 1153, 1157 (10th Cir. 2001) (internal quotation marks omitted).

Mr. DeClerck emphasizes that he was subject to selective enforcement based on his race. In *United States v. Armstrong*, 517 U.S. 456 (1996), the Supreme Court defined the showing necessary for a defendant to obtain discovery on a selective prosecution claim. *Id.* at 465. To obtain discovery on this claim, Mr. DeClerck was required to present "*some* evidence" a "similarly-situated individual of another race" could have been stopped, but was not. *United States v. James*, 257 F.3d 1173, 1178-79 (10th Cir. 2001); *see also Armstrong*, 517 U.S.

at 468-69 (requiring "some evidence tending to show the existence of the essential elements" of discriminatory effect and discriminatory intent).

Here, the district court conducted three separate hearings and entertained multiple in-court challenges and motions regarding these issues. Two detectives from Lawrence, Kansas testified that they heard the race of the suspect in the Hampton Inn robbery before they saw Mr. DeClerck's white Ford Mercury sedan. They saw Mr. DeClerck and his codefendant approaching in their vehicle at a time and location consistent with participation in the robbery. They had further reason to suspect the white vehicle because it resembled the description of a white Lincoln that had reportedly been seen driving away from an armed robbery in nearby Baldwin, Kansas. The detectives knew that two armed robberies in Baldwin were close together in time and reportedly committed by one or two African-American males. The detectives testified that the nervous looks on the faces of the defendants also made them suspicious. Finally, the defendants did not stop as they were being pursued with lights and sirens, and the defendants proceeded to attempt to ram the officers' vehicle.

Race alone is a constitutionally prohibited reason for an investigative stop. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 885-86 (1975). However, the evasive behavior, consistent descriptions, and headlong flight, viewed in the totality of the circumstances, support the officers' reasonable suspicion of

wrongdoing. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("Headlong flight–wherever it occurs–is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). We therefore affirm the district court's denial of the motion to dismiss.

C. Sentencing error

Through counsel, Mr. DeClerck alleges that because his plea was involuntary, his resulting sentence was illegal. A court must determine that a plea "is voluntary and did not result from force, threats, or promises." FED. R. CRIM. P. 11(b)(2). We have reviewed the transcripts and are satisfied that the district court complied with Rule 11. Mr. DeClerck stated that he had not received any promises or assurances for entering the plea, and that he fully understood the plea agreement and the maximum penalty he might receive for entering the plea. There is no indication that Mr. DeClerck's plea was involuntary.

D. Motion to recuse

"We review the denial of a motion to recuse for abuse of discretion," and "will uphold a district court's decision unless it is an 'arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999)). Because Mr. DeClerck is proceeding pro se, we construe his allegations and appellate filings

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)*; Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999).

Mr. DeClerck contends that the magistrate judge and district court judge were biased, in violation of 28 U.S.C. § 455(a). Specifically, he maintains that the magistrate judge displayed bias against him when she denied him (1) the right to receive notice of indictment, (2) the opportunity to prepare and dispute various allegations, (3) the opportunity to challenge "extradition into federal jurisdiction," (4) the right to confront the accuser and to present defense witnesses, and (5) the right to put forth evidence to prove his innocence. Mr. DeClerck further contends the district court acted with bias during pretrial hearings when it (1) suggested Mr. DeClerck represent himself, (2) neglected to review any evidence in support of Mr. DeClerck's innocence, and (3) demonstrated a prejudice against African-American defendants. He also maintains that the trial court allowed Mr. DeClerck to be choked and gagged in open court, denying him the right to defend his case.

Our review of the record indicates no abuse of discretion by the district court. Mr. DeClerck fired several court-appointed attorneys and continued to make outrageous demands upon his standby counsel and the court. The district court bent over backwards to accommodate Mr. DeClerck, to the extent that it obliged him in his demand to be called "Secured Party" in open court, rather than

by his legal name. The court allowed him to make dozens of baseless arguments and scheduled several hearings to assuage Mr. DeClerck's concerns. It also tolerated his insolence when he refused to stand at the opening of court and while addressing the court. He frequently interrupted the judge and opposing counsel and consistently delayed and disrupted his hearings. As to his alleged "gagging," the record indicates that, during a status conference, Mr. DeClerck continued to interrupt the court, despite several warnings. The court asked that Mr. DeClerck be removed from the courtroom while his standby counsel remained in the courtroom. Mr. DeClerck watched and listened to the status conference from the U.S. Marshal's facility. Accordingly, we hold that the district court did not abuse its discretion in denying the motion to recuse under 28 U.S.C. § 455.

E. *Booker* error

Mr. DeClerck next argues that the district court committed non-constitutional *Booker* error by mandatorily applying the Guidelines. Assuming there was error in sentencing Mr. DeClerck under the Guidelines, and that the error was plain, *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc), Mr. DeClerck cannot meet the third prong of the plain-error test. To affect substantial rights, an error must have been prejudicial and "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 724 (1993). The burden is on the defendant to

demonstrate that the error affected his substantial rights. *Id.* In such cases, the defendant is required to show a "reasonable probability" that the purported error altered the result of the sentencing proceedings. *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2339 (2004). "[A defendant] can make this showing by demonstrating a reasonable probability that had the district court applied the post-*Booker* sentencing framework, he would have received a lesser sentence." *United States v. Trujillo-Terrazas*, No. 04-2075, 2005 WL 880896, at *3 (10th Cir. Apr. 13, 2005).

Mr. DeClerck has failed to point to anything specifically demonstrating a reasonable probability that the judge would have sentenced him differently after *Booker*. After the district court determined that Mr. DeClerck's applicable guidelines range for Count 3 was thirty-three to forty-one months, it sentenced him to a forty-one month term of imprisonment. In other words, the court exercised its discretion and sentenced Mr. DeClerck to serve the maximum term of imprisonment it could lawfully impose. For Count 4, the district court sentenced Mr. DeClerck to the mandatory minimum sentence, which did not amount to error under *Booker*. *See United States v. Payton*, No. 04-8054, 2005 WL 1030462 (10th Cir. May 4, 2005) (holding "there was no non-constitutional *Booker* error in sentencing [defendant because] the district court had no discretion under the statute to do other than impose the mandatory minimum sentence"). As

a result, any argument that the district court might have sentenced Mr. DeClerck differently had it understood it had discretion to do so is simply unpersuasive.

## III. CONCLUSION

Because Mr. DeClerck has no meritorious grounds for appeal, we GRANT counsel's request to withdraw and DISMISS the appeal. Appellant's motion for appointment of counsel is denied.

Entered for the Court,

Robert H. Henry
Circuit Judge