**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GWYNDELL B. DECLERCK,

Defendant-Appellant.

No. 07-3136

(D. of Kan.)

(D.C. Nos. 02-CR-40072-RDR
and 07-CV-4028-RDR)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Gwyndell DeClerck is a federal prisoner serving a sentence of ten years and five months for violating the Hobbs Act (18 U.S.C. § 1951) and brandishing a weapon during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)). We affirmed his convictions on direct appeal in *United States v. DeClerck*, 135 F. App'x 167 (10th Cir. 2005). Proceeding *pro se*[1], he now seeks a certificate of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because DeClerck is proceeding *pro se,* we review his pleadings and

(continued...)

appealability (COA) to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied all six of DeClerck's claims and dismissed his motion. The district court also denied DeClerck's subsequent request for a COA. We agree that DeClerck is not entitled to relief under § 2255 and therefore DENY his request for a COA.[2]

## I. Background

In 2002, DeClerck and a co-defendant were indicted on four counts relating to a robbery at a Hampton Inn in Lawrence, Kansas. DeClerck pleaded guilty to two charges and the district court sentenced him to 125 months imprisonment. The district court entered a final amended judgment on April 22, 2004. DeClerck appealed to this court, which affirmed the judgment on June 8, 2005. The Supreme Court denied DeClerck's petition for certioriari on February 21, 2006.

DeClerck filed his § 2255 motion with the district court on February 22, 2007. The district court concluded that all of DeClerck's arguments lacked merit

---

[1](...continued)
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] DeClerck has filed a motion to proceed *in forma pauperis* (ifp). The district court previously granted DeClerck's request to proceed ifp in his criminal case, a ruling it did not revisit for his § 2255 motion. DeClerck's motion to this court, therefore, is unnecessary. *See* Fed. R. App. P. 24(a)(3).

and denied the motion.  DeClerck seeks a COA from this court on grounds that the district court judge was biased and should have recused.

## II.  Standard of Review

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  The denial of a motion to recuse is reviewed for abuse of discretion.  *See Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003).

## III.  Discussion

In his appeal to this court, DeClerck purports to make three claims, which in fact boil down to one.  DeClerck alleges his Due Process rights were violated because he was denied the benefit of having a detached and neutral judge evaluate his § 2255 motion.

### A.  DeClerck's Due Process Claim

DeClerck has failed to make a "substantial showing of the denial of a constitutional right."  We reach this conclusion for two reasons.  First, DeClerck is procedurally barred from raising an issue on a motion to vacate that was raised

-3-

and decided on direct appeal. Second, even if his argument were not barred, no reasonable jurists could conclude "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 484.

DeClerck's claim is procedurally barred, since it was already heard and decided on direct appeal. "An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255. However, a motion under Section 2255 may be proper when there has been an intervening change in the law of a circuit." *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) (internal citations omitted); *see also United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). DeClerck points to no change in Tenth Circuit law and we find none. Nevertheless, DeClerck asserts here, as on direct appeal, that the district court judge acted with "bias and prejudice" against him at trial. He claims the judge made certain rulings and statements to encourage him to plead guilty. Since these issues have already been decided, they are procedurally barred.

Even if the claims were not barred, nothing in the record indicates the bias and prejudice asserted by DeClerck. A district judge has the discretion to run a trial in a manner that is fair and efficient to both sides. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."). *Cf. United States v. Busby*, 16 F.

App'x 817, 826 (10th Cir. 2001) ("The Sixth Amendment right to counsel is not an absolute right and may not be insisted upon in a manner which will obstruct orderly judicial procedure or interfere with a court's exercise of it's [sic] inherent power to control procedure in the courtroom."). After disagreements with more than one court-appointed attorney, DeClerck represented himself. As we noted in DeClerck's direct appeal, "The district court bent over backwards to accommodate Mr. DeClerck . . . . The court allowed him to make dozens of baseless arguments and scheduled several hearings to assuage Mr. DeClerck's concerns." *DeClerck*, 135 F. App'x at 170. Although the district court referred to DeClerck as "guilty" in open court, this was not until *after* DeClerck and his co-defendant had pleaded guilty and admitted to the factual basis of the charges against them.

To the extent DeClerck challenges the constitutionality of allowing the district court judge to rule upon his claim that the judge was biased, DeClerck still fails to sufficiently allege "the denial of a constitutional right." *See United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). Judicial disqualifications proceed under either 28 U.S.C. § 144 or § 455. Section 144 requires the party seeking recusal to file a timely and sufficient affidavit alleging personal bias or prejudice on the part of the judge before whom the matter is pending. It is undisputed that was not done in this case.

Section 455(a), on the other hand, is broader and requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This court has held, "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). When reviewing a charge of bias lodged against a district court judge, the Supreme Court has counseled,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

For DeClerck to prevail in his appeal, he must make a substantial showing of bias rising to the level of a constitutional violation. This was not done. *See Edmond v. Athlete's Foot Group*, 15 F. App'x 738, 740 (10th Cir. 2001) ("Without more, the fact that a judge presided in a previous criminal matter involving a party is not a valid ground for recusal [in a subsequent civil matter]."); *see also Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) ("[A]dverse rulings against a litigant cannot in themselves form the appropriate

grounds for disqualification."); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."). DeClerck fails to allege with any particularity conduct that would lead a reasonable jurist to question the district judge's neutrality. He musters only speculative or inconsequential allegations to support his claim.

In essence, DeClerck's appeal challenges the constitutionality of the system announced in 28 U.S.C. § 2255 itself. He complains that the judge who presided over his criminal trial and sentenced him to 10 years in prison also heard his § 2255 motion. Yet this is required by law. *See* 28 U.S.C. § 2255, ¶1 ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." (emphasis added)). *Cf. United States v. Hayman*, 342 U.S. 205, 220–21 (1952) ("The very purpose of Section 2255 is to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement."). The benefits to judicial efficiency which flow from this system are obvious. The judge who sentenced the movant is in the best position to adjudicate the merits of a subsequent motion to vacate since he or she knows the facts and relevant law of the case intimately. Any potential bias can be removed by the district court's application of § 455 and this court's review thereof.

Accordingly, we hold the district court did not abuse its discretion in refusing to recuse from DeClerck's case. Since we conclude no jurists of reason would find it debatable whether the district court correctly denied DeClerck's motion under § 2255, we deny DeClerck's application for a COA and dismiss his appeal.

*B. Section 2255's One-Year Limitations Period*

Although we dispose of DeClerck's COA on the grounds discussed above, we also note that his motion to the district court was untimely. Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. "The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶6(1). A judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, the Supreme Court denied DeClerck's certiorari petition on February 21, 2006. *DeClerck v. United States*, 546 U.S. 1199 (2006) (mem.). DeClerck filed his § 2255 motion on February 22, 2007—one year and one day later.[3]

---

[3] There is no indication that DeClerck took advantage of the prison mailbox rule, which would compel us to deem his motion filed when mailed, instead of when received by the district court. He has not shown that he utilized the prison's legal mail system, nor has he submitted a declaration in compliance with

(continued...)

The Supreme Court has held that federal district courts "are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Nothing in the language or purpose of the habeas provisions gives us reason to doubt that district courts are also "permitted, but not obliged" to review, *sua sponte*, a *federal* prisoner's § 2255 motion to determine whether it has been timely filed. Our Tenth Circuit case law is clear that a court may raise a procedural bar in the habeas corpus context on its own motion. *See, e.g.*, *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992); *Hines v. United States*, 971 F.2d 506 (10th Cir. 1992).[4] Given our disposition of this case on the merits, however, we find no need to reach the statute of limitations issue.

---

[3](...continued)
28 U.S.C. § 1746 or a notarized statement setting forth the requisite facts. *See Price v. Philpot*, 420 F.3d 1158, 1165–67 & nn.6–8 (10th Cir. 2005).

[4] We have maintained that a court of appeals should raise a procedural bar *sua sponte* if it promotes "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *E.g.*, *Hines*, 971 F.2d at 509; *accord Granberry v. Greer*, 481 U.S. 129, 134 (1987) (holding that a federal court of appeals may consider a belated non-exhaustion defense in a § 2254 habeas action, based on considerations of comity and judicial efficiency). The Supreme Court noted a circuit split on this issue, but declined to resolve it at that time. *See Trest v. Cain*, 522 U.S. 87, 90 (1997).

## IV. Conclusion

For the reasons set forth above, we DENY DeClerck's petition for a COA and DISMISS this appeal. We also DISMISS AS MOOT his motion to proceed *in forma pauperis*.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge