**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY C. KENNEY,

      Plaintiff-Appellant,

v.

AG EQUIPMENT COMPANY;
LAURA LAURENCE,

      Defendants-Appellees.

No. 11-6319
(No. 5:11-CV-01120-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **McKAY**, and **HOLMES**, Circuit Judges.

Plaintiff Anthony C. Kenney, proceeding pro se,[1] appeals from the district court's *sua sponte* dismissal of his civil rights complaint. Finding no error in the district court's reasoning, we affirm.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

     After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because he is a pro se litigant, Mr. Kenney's filings are entitled to liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

## I. Background

Mr. Kenney filed suit against defendants AG Equipment Company ("AG") and Laura Laurence on October 3, 2011, claiming violations of "Tital [sic] IV of [the] 1964 Civil Rights . . . Act[]," R. at 3 (Pl.'s Compl., filed Oct. 3, 2011) (capitalization altered), based upon the defendants' alleged failure to hire him despite his having attained the requisite certifications for employment, *see, e.g.*, *id.* at 6 (EEOC Intake Questionnaire, dated Sept. 23, 2011) (noting AG's "failer [sic] to hire").

The district court granted Mr. Kenney's request to proceed *in forma pauperis* ("IFP") on October 5, 2011. *See id.* at 11 (Order Granting App. to Proceed IFP, filed Oct. 5, 2011). However, on the same day, it dismissed the complaint *sua sponte* on the ground that it failed to state a claim upon which relief could be granted. *See id.* at 12–13 (Dist. Ct. Order, filed Oct. 5, 2011). The district court determined that Title IV of the Civil Rights Act primarily addresses school desegregation, *see* 42 U.S.C. §§ 2000c–2000c-9, and that the "limited factual allegations that Plaintiff presents in the complaint do not support a claim alleging school segregation," R. at 13. Moreover, liberally construing Mr. Kenney's filings, the court found that, to the extent that he intended to plead a cause of action for employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17, "he has failed to allege any basis on which he believes he was subjected to discrimination," R. at 13.

Additionally, the district court noted that Mr. Kenney is subject to filing restrictions in the Northern District of Oklahoma. It considered the instant lawsuit an attempt to circumvent those filing restrictions, and thus concluded that it was unlikely that venue would be appropriate in the Western District. Consequently, it dismissed the complaint and simultaneously entered judgment.

A few weeks later, on October 27, Mr. Kenney filed a document titled, "Motion to Amend Complaint," *id.* at 15 (Mot. to Am. Compl., filed Oct. 27, 2011) (capitalization altered), which was denied by the court on November 4, 2011, as an "essentially incomprehensible request for leave to amend," *id.* at 17 (Dist. Ct. Order, filed Nov. 4, 2011). Mr. Kenney filed a handwritten document purporting to be a notice of appeal on November 30, 2011.

## II. Discussion

The district court dismissed Mr. Kenney's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[2] "We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). That is, we review the propriety

---

[2]    Because the district court granted IFP status, it utilized the general provisions of § 1915 in screening the complaint. "Section 1915(a) applies to *all persons* applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (emphasis added); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . .").

of dismissal de novo. *See, e.g.*, *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1171 (10th Cir. 2011) ("[W]e review de novo a district court's ruling on a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."). Moreover, in assessing the propriety of the district court's dismissal, we apply "the same legal standard as the district court." *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). In that vein, we must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But the plaintiff must allege facts that make his stated claim to relief facially plausible. *See Jordan-Arapahoe*, 633 F.3d at 1025. "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009)) (internal quotation marks omitted).

## A.    Jurisdiction

As a threshold matter, it is not clear whether Mr. Kenney is appealing from the district court's October 5, 2011, Order or its November 4 Order denying him an opportunity to amend. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *De Leon v. Marcos*, 659 F.3d 1276, 1280 (10th Cir. 2011) (alteration in original) (quoting *Bowles v. Russell*, 551 U.S. 205, 214

-4-

(2007)) (internal quotation marks omitted).  Specifically, ordinarily "a notice of appeal in a civil action 'must be filed . . . within 30 days after the judgment or order appealed from is entered.'"  *Id.* (quoting Fed. R. App. P. 4(a)(1)(A)).  Otherwise, we have no jurisdiction to assess the merits of the appeal.

It appears that Mr. Kenney filed his handwritten "notice of appeal" more than thirty days after the district court's original order dismissing his complaint.  However, upon a careful review, we construe Mr. Kenney's October 27 "Motion to Amend Complaint" as the functional equivalent of a timely filed notice of appeal.  The document provided adequate notice of Mr. Kenney's intention to file an appeal; notably, it requested that the court "accept notice of appeal to the 10th Circuit Court of Denver."  R. at 15 (capitalization altered); *see Smith v. Barry*, 502 U.S. 244, 248 (1992) ("[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal."); *accord United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999).  Because of our policy to liberally construe pro se filings, *see Van Deelen*, 497 F.3d at 1153 n.1, we therefore conclude that Mr. Kenney—through his motion to amend—filed the functional equivalent of a timely notice of appeal with respect to the district court's October 5 Order dismissing his complaint.

**B.    Merits**

Nonetheless, we, like the district court, find Mr. Kenney's complaint vague and unsupported by any facts that would entitle him to relief.  He merely states

-5-

that the defendants failed to give him a job despite his personal qualifications. However, he does not aver in the complaint that he experienced any actionable discrimination. And while he attached an EEOC intake questionnaire to the complaint, in which he checked a box noting that "Race" was the basis for his general allegations of employment discrimination, *see* R. at 6, he has not offered a single fact supporting this assertion.

"A dismissal . . . is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)) (internal quotation marks omitted)). Here, the district court did not err in concluding that Mr. Kenney's complaint should be dismissed without granting further leave to amend. Mr. Kenney has offered no allegations of discrimination in any of his filings—including his "Motion to Amend Complaint"—that come close to stating a plausible claim for relief.

And there is even less in the way of substance (or explanation) in his appellate filing. Specifically, his brief presents two issues for review: (1)

-6-

"[d]ening [sic] reemployment"; and (2) "[f]iling same issues since 1989." Aplt. Opening Br. at 3. However, it contains no supporting facts that make a start at explaining why the district court erred in dismissing his complaint, how the defendants otherwise engaged in impermissible discrimination, or how a further amendment to the complaint could cure its glaring deficiencies. Although "we must construe [Mr. Kenney's] arguments liberally[,] this rule of liberal construction stops . . . at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357, at 772–77 (3d ed. 2004) ("[While] the appellate court will accept the facts pleaded as true and read the complaint in the light most favorable to the pleader[, it] has no obligation to conjure up unpleaded allegations." (footnote omitted)). In sum, because we discern no factual allegations by Mr. Kenney that would constitute even a colorable claim for relief (much less a plausible one), the district court did not err in dismissing his complaint without granting leave to amend.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. Kenney's complaint. We further **DENY** as moot Mr. Kenney's motion to proceed IFP on appeal because he has already received prior approval from the district court. *See* Fed. R. App. P. 24(a)(3); *see also United States v. DeClerck*, 252 F. App'x 220, 221 n.2 (10th Cir. 2007) ("DeClerck has filed a

motion to proceed [IFP]. The district court previously granted [his] request to proceed [IFP] . . . . [His] motion to this court, therefore, is unnecessary.").

Entered for the Court


JEROME A. HOLMES
Circuit Judge