FILED
United States Court of Appeals
Tenth Circuit

March 20, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL J. RYAN, IV,

Defendant - Appellant.

No. 12-2143
(D. New Mexico)
(D.C. Nos. 1:12-CV-00654-JAP-ACT
and 1:08-CR-00797-ACT-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **HARTZ**, **EBEL,** and **MURPHY**, Circuit Judges.

---

Petitioner, Daniel J. Ryan, IV, seeks a certificate of appealability ("COA")

so he can appeal the district court's dismissal of the motion to vacate, set aside,

or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255

motion unless he first obtains a COA). In 2008, Ryan pleaded guilty to three

counts of distribution of child pornography, in violation of 18 U.S.C.

§ 2252(a)(2). He was sentenced to a 120-month term of incarceration on April 5,

2010. The written plea agreement contained a waiver of Ryan's right to directly

appeal his conviction or sentence.

The instant § 2255 motion was filed in the district court on June 15, 2012, and was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate raised the timeliness of Ryan's motion *sua sponte* and ordered Ryan to show cause why it should not be dismissed because it was filed outside the one-year limitations period. *See* 28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding federal district courts "are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"); *United States v. DeClerk*, 252 F. App'x 220, 224 (10th Cir. 2007) (applying *Day* to a federal prisoner's § 2255 motion). Ryan filed a timely response to the magistrate judge's order, arguing he was entitled to equitable tolling of the limitations period.

In its order of dismissal, the district court concluded Ryan's § 2255 motion was not filed within the one-year limitations period. The court further concluded Ryan was not entitled to equitable tolling because he failed to diligently pursue his claims and did not demonstrate that his failure to file a timely § 2255 motion was caused by extraordinary circumstances beyond his control. Accordingly, the court dismissed Ryan's § 2255 motion as untimely.

To be entitled to a COA, Ryan must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court

-2-

dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Ryan's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal.

Accordingly, we **deny** Ryan's request for a COA and **dismiss** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge