RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0218p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

───────────────

MICHAEL J. SHELTON,

        *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

No. 14-5565

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga
Nos. 1:05-cr-00097; 1:13-cv-00340—Curtis L. Collier, Chief District Judge.

Decided and Filed: September 2, 2015

Before: BOGGS, SUHRHEINRICH, and SUTTON, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:** Christopher D. Poole, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee. Michael J. Shelton, Beaumont, Texas, pro se.

───────────────

**OPINION**

───────────────

SUTTON, Circuit Judge. In 2006, Michael J. Shelton pleaded guilty to one count of being a felon in possession of a firearm. His conviction became final in 2009, and four years later he filed a motion to vacate his sentence. *See* 28 U.S.C. § 2255. Without notifying Shelton or asking him to show cause, the district court on its own initiative dismissed the motion as untimely. Because the court should have given Shelton notice before dismissing his motion, we vacate the district court's judgment.

1

Shelton's conviction and sentence became final on February 23, 2009, when the Supreme Court denied his petition for certiorari. He filed a § 2255 motion on September 22, 2013, alleging that *Descamps v. United States*, 133 S. Ct. 2276 (2013), made his sentence invalid. The government did not file a response. In February 2014, the district court dismissed the motion as untimely under Rule 4(b) of the *Rules Governing Section 2255 Proceedings*. We issued a certificate of appealability to determine whether the district court erred in dismissing the motion without giving Shelton notice.

The analysis starts with *Day v. McDonough*, 547 U.S. 198 (2006). *Day* held that district courts may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," *id.* at 209, even when the government has failed to raise a timeliness defense in its response, *id.* at 203–04. Before acting on its own initiative, however, the district court "must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210.

The question is whether *Day*'s notice requirement applies here, a setting that differs from *Day* in two ways. Because Shelton's conviction occurred in federal court, he filed a motion to vacate his sentence under § 2255, not a petition for habeas relief under § 2254. And in *Day*, the district court dismissed the petition *after* the government had forfeited its timeliness defense by failing to raise that argument in its response. *Id.* at 203–04. Here, the district court dismissed Shelton's motion at the Rule 4(b) "screening" stage of the § 2255 proceedings, before the government had filed any response at all. *Rules Governing Section 2255 Proceedings for the United States District Courts* Rule 4(b). Several district courts have suggested that these distinctions make a difference and that district judges need not provide notice under these conditions. *See, e.g.*, *Kimble v. Gansheimer*, No. 4:10 CV 2115, 2010 WL 4901789, at *1 n.2 (N.D. Ohio Nov. 23, 2010); *United States v. Taylor*, No. CIV-97-1821-R, 2008 WL 1787645, at *2 (W.D. Okla. Apr. 17, 2008).

In our view, *Day*'s notice requirement applies nonetheless. It thus applies (1) to § 2254 petitions *and* § 2255 motions and (2) to *sua sponte* dismissals that occur during the Rule 4 screening process. As for the first point, the statutes of limitations applicable to § 2254 and § 2255 use "virtually identical" language, *Ramos-Martinez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011); *see also Souter v. Jones*, 395 F.3d 577, 597 n.12 (6th Cir. 2005), leaving no

textual handhold for requiring notice for state prisoners but not federal prisoners.  *Compare* 28 U.S.C. § 2244(d), *with* 28 U.S.C. § 2255(f).  *Day* also adopted a notice requirement to give habeas petitioners "a fair opportunity to show why the limitation period should not yield dismissal of the petition," 547 U.S. at 210—a rationale that applies with equal force to § 2255 cases.  For similar reasons, we have applied *Day*'s holding in the § 2255 context before, *Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013), and the Eighth Circuit has done the same, *Martinez v. United States*, 423 F. App'x 650, 650 (8th Cir. 2011); *cf. United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (dicta).

*Day*'s notice requirement also applies at the Rule 4 screening stage.  In support of its decision, *Day* cited two cases, both of which arose when a district court denied a petition at the screening stage.  *See McMillan v. Jarvis*, 332 F.3d 244, 246, 250 (4th Cir. 2003); *Acosta v. Artuz*, 221 F.3d 117, 120–21, 123–25 (2d Cir. 2000).  When faced with a similar situation in the § 2254 context, we have said that judges must give notice to habeas petitioners—though in dicta.  *Torres v. Davis*, 416 F. App'x 480, 482–83 (6th Cir. 2011); *Wade v. Webb*, 83 F. App'x 703, 704 (6th Cir. 2003).  Other courts have reached the same conclusion in § 2254 and § 2255 cases—in holdings.  *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc); *Herbst v. Cook*, 260 F.3d 1039, 1043–44 (9th Cir. 2001); *Martinez*, 423 F. App'x at 650.

In outlining the screening procedure for these motions, Rule 4(b) of the *Rules Governing Section 2255 Proceedings* says nothing to the contrary.  "If it plainly appears," the Rule says, "from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  *Rules Governing Section 2255 Proceedings for the United States District Courts* Rule 4(b).  Although screening is designed to expedite the process, Rule 4(b) does not discuss (and, more to the point, does not preclude) a notice requirement.  Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage, especially when a court considers dismissal on timeliness grounds.  The § 2255 statute of limitations is subject to equitable tolling.  *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). That means courts cannot assess a motion's timeliness merely by subtracting the date of filing from the date when the conviction became final.  *See Day*, 547 U.S. at 207 n.6.  A notice

requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention, including the possibility that equitable tolling applies.

The government maintains that Shelton was already on notice that his motion might be untimely, because he "argued that *Descamps* created a new rule that is retroactively applicable to [his] case"—an argument relevant to timeliness under § 2255(f)(3). Appellee's Br. 13. But the key portion of Shelton's memorandum does not cite § 2255(f). Nor does it mention the timeliness issue. The district court not only relied on § 2255(f)(3) in dismissing the motion, moreover, but it also relied on Shelton's failure to demonstrate equitable tolling. *Shelton v. United States*, No. 1:13-cv-340, 2014 WL 460868, at *2–3 & n.3 (E.D. Tenn. Feb. 5, 2014). Shelton's memorandum never addressed that issue, and the *sua sponte* dismissal left him with no opportunity to challenge the arguments that the district court invoked in finding the motion untimely.

The government adds that any error was harmless because Shelton has had an opportunity to present his timeliness arguments *on appeal*. That opportunity, however, does not cure the lack of notice before the district court. *Morrison v. Tomano*, 755 F.2d 515, 516–17 (6th Cir. 1985), for example, held that a district court erred when it *sua sponte* dismissed a complaint without providing notice to the plaintiffs. Although the plaintiffs had an opportunity to contest the dismissal on appeal, we remanded the case to the district court to permit it to consider the parties' arguments in the first instance. *Id.* at 517; *see also Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 558 (6th Cir. 2012); *Herbst*, 260 F.3d at 1043. The two unpublished cases cited by the government do not aid its cause. *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004), held that the petitioner had received notice because he presented his timeliness arguments in a motion for reconsideration, and *Wogoman v. Abramajtys*, 243 F. App'x 885, 886–87, 890 n.4 (6th Cir. 2007), held that the petitioner had received notice because he objected to the magistrate judge's timeliness ruling before the district court entered its judgment. Shelton did not file a motion to reconsider, and nothing in *Day* suggests that this option, even when unexercised, cures a notice defect. *See* 547 U.S. at 210–11. And in this instance, Shelton never had an opportunity to object to a magistrate judge's recommendations

because none were ever given.  Shelton, in short, never presented his timeliness arguments to the district court.

For these reasons, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.