[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10079

Non-Argument Calendar

————————————————

VICTOR OTERO-POMARES,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:22-cv-02722-SCB-AEP,
8:14-cr-00394-SCB-AEP-9

———————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Otero-Pomares, a *pro se* federal prisoner, appeals the district court's *sua sponte* dismissal of his 28 U.S.C. § 2255 motion challenging his convictions and sentences as untimely.  He argues that the district court erroneously dismissed his motion *sua sponte* without giving him notice and an opportunity to respond, as required by the Supreme Court in *Day v. McDonough*, 547 U.S. 198, 209 (2006).  Because we agree that the district court abused its discretion by dismissing his motion on timeliness grounds without giving him notice and an opportunity to respond, we vacate and remand.

## I.    Background

In September 2014, the U.S. Coast Guard ("USCG") boarded a ship on which Otero-Pomares was travelling from Colombia to Panama and found many kilograms of cocaine.  The vessel's master claimed that the vessel was registered in São Tomé and Príncipe, but when the USCG contacted officials in São Tomé and Príncipe, they refuted the registry claim.  The USCG arrested all thirteen crew members, including Otero-Pomares.

On March 5, 2017, Otero-Pomares was convicted of (1) conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine in violation of 46 U.S.C. § 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii),

23-10079              Opinion of the Court                3

and (2) possessing with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a), 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). And on July 7, 2015, he was sentenced to 235 months' imprisonment.

On appeal, we affirmed his conviction, but we vacated his sentence and remanded his case for resentencing in light of an amendment to the sentencing guidelines. *United States v. Barona-Bravo*, 685 F. App'x 761, 779–82 (11th Cir. 2017).

On remand, the district court again sentenced Otero-Pomares to 235 months' imprisonment. We affirmed his sentence on appeal, and vacated in part and remanded on other issues. *United States v. Otero-Pomares*, 803 F. App'x 251, 262–64 (11th Cir. 2020). On April 23, 2020, the district court entered an amended judgment for Otero-Pomares, which he did not appeal.

Five months later, in September 2020, Otero-Pomares moved for an extension of time to file a 28 U.S.C. § 2255 motion.[1] The district court denied the motion, holding that it did not have

---

[1] 28 U.S.C § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C § 2255(a). The prisoner may do so "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

authority to grant extensions because the § 2255 limitations period was controlled by statute.

Over two years later, on November 17, 2022, Otero-Pomares moved to vacate his convictions under 28 U.S.C. § 2255. He argued that he was entitled to relief because (1) the court lacked jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA"); and (2) his counsel was ineffective in failing to raise that issue among others.[2]  Specifically, as to his argument that the court lacked jurisdiction under the MDLEA, Otero-Pomares asserted that there was no evidence that the São Tomé and Príncipe governments refuted the master's nationality claim, meaning that he was not aboard a "covered vessel" under the statute.  And he stated that "th[is] [MDLEA jurisdiction] issue was [only] made known to [him] in July 2022 by an inmate who is also a paralegal."

Then, under a section of his § 2255 motion concerning timeliness, Otero-Pomares acknowledged that his judgment of conviction became final over a year before filing the instant motion.  However, he stated that he did not discover the issues with his conviction and sentence until July 2022, and cited to 28 U.S.C. § 2255(f)(4).[3]

---

[2] Otero-Pomares also argued that his counsel was ineffective for failing to adequately argue sentencing disparities and failing to argue for safety valve relief.

[3] As relevant to the instant appeal, 28 U.S.C. § 2255(f) sets out a one-year statute of limitations, running from the latest of

23-10079          Opinion of the Court                    5

Shortly thereafter, the district court *sua sponte* dismissed his motion as untimely. It found that his conviction was final on October 9, 2020, when the Supreme Court denied his *certiorari* petition; and thus his motion, filed on November 17, 2022, was more than one-year late. And the district court rejected his argument that, under § 2255(f)(4), the one-year limitations period did not begin until he discovered the issues with his conviction and sentence in July 2022. It held that his argument under § 2255(f)(4) was conclusory and unsupported, and that the facts underlying the claim were available "well before the expiration of the one-year time limitation for filing his § 2255 Motion."

Otero-Pomares sought a certificate of appealability, which we granted on the following issue:

> Whether the district court abused its discretion, under *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649

---

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

. . .

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(11th Cir. 2020), in dismissing Otero-Pomares's § 2255 motion as untimely without permitting him to respond[.]

## II.    Discussion

On appeal, Otero-Pomares argues that the district court abused its discretion in *sua sponte* dismissing his § 2255 motion without providing him notice and an opportunity to respond and explain why his motion was timely. He argues that, had he been provided an opportunity to respond to the district court, he would have invoked § 2252(f)(2) and equitable tolling to overcome any timeliness issue.[4]

We review a district court's decision to *sua sponte* consider the timeliness of a habeas petition for an abuse of discretion. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020).

Section 2255 motions are governed by a one-year statute of limitations that begins to run on the latest of several different triggering events. 28 U.S.C. § 2255(f). As relevant to this appeal, those triggering events include, "the date on which the judgment of conviction becomes final," *id.* § 2255(f)(1), "the date on which the impediment to making a motion created by the governmental action . . . is removed, if the movant was prevented from making a

---

[4] Otero-Pomares also spends a considerable portion of his brief arguing some of the merits of his underlying claims. However, because these arguments are outside of the scope of the certificate of appealability, we do not address them. *See Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 948 (11th Cir. 2016) ("We may only review claims encompassed by the COA.").

23-10079                Opinion of the Court                          7

motion by such governmental action," *id.* § 2255(f)(2), and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2255(f)(4).

"[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).[5] "Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210. In *Paez*, we held that a *pro se* plaintiff was provided sufficient notice and opportunity to present his position when he included the relevant dates in his petition and was given the opportunity to object to a magistrate judge's Report and Recommendation ("R&R") recommending dismissal on timeliness grounds. 947 F.3d at 650, 655 (citing to *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff's opportunity to object to a magistrate judge's R&R was sufficient notice and opportunity to be heard)); *see also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that district court afforded petitioner sufficient notice and opportunity to be heard when it ordered Valdez to show cause why his motion was timely). And we cited approvingly to the Sixth Circuit's decision in *Shelton v. United States*, where the court held

---

[5] While *Day* involved a petition under 28 U.S.C. § 2254, we have held that the principles developed in § 2254 cases also apply to § 2255 motions. *See Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987); *see also Reed v. Farley*, 512 U.S. 339, 353–54 (1994).

that the district court erred by *sua sponte* dismissing a habeas petition on timeliness grounds without giving the petitioner an "opportunity to challenge the arguments that the district court invoked in finding the motion untimely." 800 F.3d 292, 295 (6th Cir. 2015).

As applied here, Otero-Pomares was not provided with sufficient notice and opportunity to be heard on the timeliness of his motion before the district court dismissed his motion *sua sponte*. This case is distinguishable from *Paez* because, in *Paez*, the plaintiff had notice that the magistrate judge was recommending that his motion be dismissed as untimely and then was given an opportunity to object to the rationale for that recommendation. 947 F.3d at 655; *see also Shelton*, 800 F.3d at 295 (district court erred in *sua sponte* dismissing motion on timeliness grounds because, "in this instance, [petitioner] never had an opportunity to object to a magistrate judge's recommendations because none were ever given."). Here, Otero-Pomares's § 2255 motion was filed using a stock form that, toward the end, asked Otero-Pomares to discuss the timeliness of his motion. But unlike *Paez*, after filing this motion, Otero-Pomares was not then given notice by the court that it considered his motion untimely or an opportunity to respond to the court's rationale. *See id.*; *Shelton*, 800 F.3d at 295 (plaintiff did not have sufficient notice and opportunity to be heard where plaintiff could not "challenge the arguments that the district court invoked in finding the motion untimely"). Instead, his case was abruptly dismissed.

23-10079            Opinion of the Court                    9

Accordingly, we remand this case for the district court to provide Otero-Pomares notice and an opportunity to be heard on the district court's timeliness concerns.

**VACATED AND REMANDED.**